# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA NICHOLAS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1012**  (BOR Appeal No. 2046862)
(Claim No. 2007212116)

**COLUMBIA WV CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua Nicholas, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Columbia WV Corporation, by Julia R. Callaghan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a January 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 7, 2010, decision granting Mr. Nicholas a 7% permanent partial disability award for his right shoulder. The Office of Judges granted Mr. Nicholas an additional 1% award for a total of 8% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Nicholas worked as a mill worker for Columbia WV Corporation. On August 10, 2006, Mr. Nicholas injured his right shoulder when he tripped over a landscape timber. The claims administrator held his claim compensable for a dislocated right shoulder. Mr. Nicholas underwent a course of treatment for his right shoulder injury, including a surgical repair of a superior labral tear. Joseph E. Grady II, M.D., then evaluated Mr. Nicholas and found that he had reached his maximum degree of medical improvement. Based on the American Medical

1

Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady found that Mr. Nicholas had 11% upper extremity impairment for loss of range of motion, which translated into 7% whole person impairment. On December 7, 2010, the claims administrator granted Mr. Nicholas a 7% permanent partial disability award based on Dr. Grady's findings. Robert B. Walker, M.D., then evaluated Mr. Nicholas and found that he had 11% upper extremity impairment for loss of range of motion. But Dr. Walker also found that Mr. Nicholas had 20% upper extremity impairment for sensory and motor loss which translated to 16% whole person impairment. Mr. Nicholas's chiropractor, Harold R. Fleschner, also evaluated Mr. Nicholas and found that he had 20% whole person impairment. Dr. Fleschner based this finding on diagnosing Mr. Nicholas with brachial plexus neuropathy. Paul Bachwitt, M.D., then evaluated Mr. Nicholas and found that he had 11% upper extremity impairment due to loss of range of motion and an additional 2% upper extremity impairment for sensory loss due to an ulnar nerve palsy. Dr. Bachwitt found that Mr. Nicholas's upper extremity impairment translated into 8% whole person impairment. Dr. Bachwitt also disagreed with both Dr. Walker's and Dr. Fleschner's recommendations because they found that Mr. Nicholas had a brachial plexus injury. On January 30, 2012, the Office of Judges reversed the claims administrator's decision and granted Mr. Nicholas an 8% permanent partial disability award for his right shoulder. The Board of Review affirmed the Order of the Office of Judges on August 2, 2012, leading Mr. Nicholas to appeal.

The Office of Judges concluded that a preponderance of the evidence established that Mr. Nicholas was entitled to an 8% permanent partial disability award in this claim. In making this determination, the Office of Judges placed significant weight on the conclusions and findings of Dr. Bachwitt. The Office of Judges found that Dr. Bachwitt's impairment rating was the most persuasive report in the record. The Office of Judges found that the impairment ratings of Dr. Walker and Dr. Fleschner were inconsistent with the record because they based their recommendation on a diagnosis which was not a compensable condition. The Office of Judges also found that both reports provided an unreasonably high impairment rating for a dislocated shoulder. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Nicholas has not demonstrated that he is entitled to a greater than 8% permanent partial disability award for his right shoulder injury. The report of Dr. Bachwitt, which the Office of Judges relied upon in making its disability determination, was consistent with the evidence in the record and the American Medical Association's *Guides*. There is nothing in the record showing that Dr. Bachwitt failed to adequately assess Mr. Nicholas's impairment. The Office of Judges also pointed to specific and justifiable reasons for not relying on either Dr. Walker's or Dr. Fleschner's recommendations. The Office of Judges was within its discretion in relying on Dr. Bachwitt's report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum